# SOFIA BRENNAN Y GRAU ET AL.

### *v.*

# MANUFACTURERS LIFE INSURANCE COMPANY.

San Juan, Law, No. 1214.

ON OBJECTION TO TESTIMONY ON THE GROUND OF PRIVILEGE.

Privileged Communication—Bacteriological Examination.

1. Under the Porto Rican Law of Evidence, §§ 40, 41, there cannot be said to be a waiver of privilege by an applicant for bacteriological examination of sputum because he takes a friend with him. Nor does the report of death by the family, required by law, constitute such a waiver.

Privileged Communication—Bacteriologist.

2. A bacteriologist is not a physician or surgeon within the meaning of the Porto Rican evidence law, which is a part of the insurance contract. Because his report may have been useful to a physician does not make him an assistant without proof that he acted as an assistant.

Opinion filed January 22, 1919.

*Mr. Frank Antonsanti* for plaintiffs.

*Mr. Manuel Rodriguez Serra* for defendants.

HAMILTON, Judge; delivered the following opinion:

The witness Dr. Carrasquillo, being on the stand, testified that he was bacteriologist for the Presbyterian Hospital and that Brennan, now deceased, came to him with a friend and wanted an examination made of the sputum of Brennan, now

deceased. It seems that the head of the hospital, Dr. Hildreth, was either present or had something to do with the matter at some time or other, but the direct dealing was apparently between the witness and the deceased. No compensation was asked and none was paid. The witness is a physician having the degree of M. D. and is also a bacteriologist, having a degree in this branch of that department, which, however, is not a branch of medicine. Usually, he says, the bacteriologists are not physicians.

Objection is made to a question to the witness, the question looking towards what examination was made of the sputum of the deceased and what report was made of that examination to the deceased, objection being under the Porto Rico Law of Evidence, § 1408 of the Compilation of the Laws of Porto Rico, being § 40 of the Porto Rican Law of Evidence. Paragraph 4 of that says: "A physician or surgeon or the assistant of either of them cannot, without the consent of the patients, be examined in a civil action as to any information acquired in attending the patient, which was necessary to enable the physician or surgeon to prescribe or act for the patient . . . provided, that a physician or surgeon is competent to testify as to the cause of the death of any person."

The next section relates to consent or waiver of the objection and then goes on at the end: "Nothing in this section contained affects the right of the court to admit any of the testimony mentioned in § 40, when no objection is seasonably interposed thereto, or when the court finds, as an inference from proper evidence, that the consent mentioned in that section has been given or implied."

The point then comes up in the first place whether the wit-

Brennan y Grau v. Manufacturers Life Ins. Co.

ness is a physician or surgeon within the meaning of § 40, and then, supposing that to be so, whether there has been any waiver.

1. It will be more convenient to take up the points in reverse order. Has there been any waiver? It is suggested by the defendant that there has been a waiver in two respects. In the first place, that the statement given by the bacteriologist was in the presence of a third person, a friend. The impression I received was that this person was a physician, but I am not sure about it. I would not like to rely upon that one way or the other, because there is nothing to show that this was a real publication. The friend, so far as appears, went along simply as a matter of convenience or to help the sick man. The more serious question of waiver is as to a report of death made by the family, that is, whether there was a waiver by the family, not of the deceased but of the family after his death; whether they made a report of his death in which they admitted that it was due to tuberculosis. This report was made under § 52 of the Vital Statistics Law, the Health Report Law, §§ 243 and 244 of the Porto Rican Revised Statutes. This law seems to require the physician to report the cause of death, and the family or whoever is in charge of the house where the man dies to make a report of all the information practicable on that subject for the guidance of the public. That report is what is now relied upon as made under those circumstances. I do not think it can be considered a waiver of anything. Anything that is made according to law is something that is not voluntary. It is made not from volition, but from compulsion, from duty. Waiver must be something that is voluntary. There cannot be an involuntary waiver. I do not think that anything said under those circumstances amounts to a waiver.

Brennan y Grau v. Manufacturers Life Ins. Co.

2. Passing to the other branch of the subject, was the bacteriologist a physician or surgeon within the meaning of the Evidence Law of 1905, §§ 40 and 41? That law refers to a physician or surgeon or assistant. This man was not a surgeon, and at this particular time he was not acting as a physician. It is insisted, however, that he was an assistant to a physician, that is to say, that the information which he gave was as assistant either to Dr. Hildreth or to the physician in charge of the case, the man apparently who went with him.

The general rule of evidence under the United States Revised Statutes is one of absolute freedom. The object of a court is to get at justice upon all the evidence in the case, upon hearing or seeing everything that throws any light upon the case. There are exceptions allowed by statute.

In the first place, does this statute control? It would seem from the case of Connecticut Mut. L. Ins. Co. v. Union Trust Co. 112 U. S. 250, at page 251, 28 L. ed. 708, 709, 5 Sup. Ct. Rep. 119, as if the Porto Rican law of evidence in this particular instance must be regarded as being part of the contract. That is to say, if this man is for the purposes of the case a physician, he cannot testify to what passed between him and his patient. The Federal case reported seems to go so far. It makes that construction of a statute in the state of New York, and there is no reason why the same principle should not apply to the Porto Rican law. I do not think, however, that he is a physician. The information that he obtained was not obtained as a physician. It was not acquired in attending the man as a patient, and necessary to prescribe or act for him. It was scientific information given to the patient at his own request. The presence of doctors does not seem to have been anything more

Brennan y Grau v. Manufacturers Life Ins. Co.

than incidental. The actual information acquired was not given by a physician as a physician or for the purpose of any case, and was really in the nature of scientific information. It might have been useful in the case. So was an automobile to carry the patient to the doctor's office, but that would not make the automobile chauffeur privileged in any way at all. It was simply something that was useful in connection with the case, and there might be a thousand things thus useful. So it does not seem to me that this communication, whatever it was, was privileged. It was information which, if it has any bearing on the case at all, should be admitted under the general rule as to all evidence being admitted unless there is some rule to the contrary. I do not think the rule of exemption applies as to this particular kind of information. I should add that I have examined 40 Cyc. 2384 and another authority, but the conclusion I have reached is on an independent course of reasoning.

The objection is overruled.